# Gratton *v.* Montgomery, Appellant.

*Beneficial association—Fraud—Application—Death benefits—Marriage to two women.*

Where a person on applying for membership in a beneficial association is asked the question: "Are you married to more than one woman," and replies: "No" and the by-laws of the association show that if he had answered the question: "Yes" he would not have been admitted, the question and answer are material, and if it appears after the death of such member, that at the time of his application he had been married . to two women, no death benefits can be claimed from the association.

Argued Oct. 15, 1913. Appeal, No. 128, Oct. T., 1913, by defendants, from order of C. P. No. 3, Phila. Co., March T., 1913, No. 3,925, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Cordelia S. or Cornelia Gratton, Executrix of William H. Gratton, deceased, v. R. H. Montgomery, John A. Carey and Isaac Chase, Officers and Members of Good Samaritan Lodge No. 816 G. U. O. of O. F. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for death benefits.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*George W. Mitchell,* for appellants.

*Robert E. Lamberton,* for appellee.

OPINION BY ORLADY, J., January 00, 1914:

The defendant is an unincorporated association, in which, the plaintiff alleges her deceased husband was a regular member, in good standing "having at all times complied with and lived up to the by-laws in every respect," and by these, it is provided, "that on the death of any member, the sum of fifty dollars shall be at once paid to the estate of the deceased member." The husband died on September 24, 1912, when this plaintiff became executrix, by the probate of his will, and brought this action to recover the sum named.

The affidavit of defense admits that William H. Gratton was enrolled as a member of the association at the time of his decease, but avers that he gained his admission therein through deception, fraud and willful misrepresentation in that, at and before the time of his admission he falsely pretended and declared in writing to the association that he was not married to more than one woman. A register or written application was signed by the decedent, in which there is the following inquiry: "Are you married to more than one woman?" to which he answered, "No." It is further distinctly averred that at the time the application was signed, the decedent was in fact married to this plaintiff, and to another woman, which fact was not known to any member of the association until after the death of William H. Gratton. Both women made claim for this fund—as the lawful widow of the decedent; and it is averred further that, "the said lodge could not have received Gratton as a member knowing at the time that he was married to more than one woman without subjecting itself to the penalty of being suspended or expelled from the general order."

The court entered judgment in favor of the plaintiff for want of a sufficient affidavit of defense.

The record does not exhibit a copy of the by-laws, policy or certificate of membership, and many facts are stated in the printed arguments that are not mentioned

in the pleadings, nor are any particulars set forth, as required by the rules of court, sec. 70, setting out wherein the affidavit of defense is to be deemed insufficient.

From the affidavits it appears that eligibility to membership is determined by certain by-laws, regulations and customs so as to limit the membership to persons of high moral character and good repute, and that the question and answer above quoted are so material, that had the applicant answered truthfully he would have been disqualified, and the association would have been liable to expulsion or suspension from the parent association if it had received him as a member, knowing that he was married to two women. The parties made the answer material, and a willful, false answer to the inquiry was a fraud on the association. The application fixed the estimate of its importance by requiring a direct answer to it, and the applicant accepted the test by making his answer a part of his application. It was a reasonable and proper requirement, and it is not material that, as held in Gise v. Com., 81 Pa. 428, "Under the law of Pennsylvania, it is impossible as a legal proposition for a man to have two wives, or a woman to have two husbands at the same time." The question was not to fix the status of a legal wifehood, but; was he married to more than one woman at the date of his application?

This condition—of having married two women—is a crime under our laws, and it is provided for by the crimes act of March 31, 1860, sec. 35, P. L. 382: "If any man or woman, being married, shall knowingly marry the husband or wife or another person, such man or woman shall on conviction, be sentenced, etc."

The affidavit discloses an unlawful relation between this plaintiff and the decedent, and only through suppression of the truth did the decedent become a formal member of the association. If either of these alleged widows, or the estate of the decedent is entitled to the

fund it should be so determined after further proof than is set out in the statement which is sufficiently answered in the affidavits.

The judgment is reversed and a procedendo awarded.